```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
EUGENE BILOTTI and DOMINIC PETROCELLI,

                Plaintiffs,

-against-

RAYMOND SHERIDAN,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/2022__
```

21 Civ. 6905 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On August 16, 2021, Plaintiffs Eugene Bilotti and Dominic Petrocelli[1] commenced this action against Defendant, Raymond Sheridan, for breach of contract, fraud, fraud in the inducement, breach of the implied covenant of good faith and fair dealing, conversion, and unjust enrichment. Compl., ECF No. 1. On September 16, 2021, the Court ordered the parties to submit a joint letter and proposed case management plan by October 15, 2021. ECF No. 8. The parties failed to submit those documents, and on October 18, 2021, the Court ordered that they be submitted by October 22, 2021. ECF No. 11. On October 22, 2021, Plaintiffs filed a letter informing the Court that Defendant was provided a waiver of service on September 20, 2021, and therefore, Defendant had until November 20, 2021 to answer or otherwise respond to the complaint.[2] ECF No. 12. The Court extended the deadline for the parties' submissions to December 20, 2021, and directed that, if Defendant had not served an answer to the complaint by that date, Plaintiffs were to move for a default judgment. ECF No. 13. Plaintiffs failed to do so.

Accordingly, on December 28, 2021, the Court issued an order directing Plaintiffs to show cause by January 7, 2022, why this action should not be dismissed for failure to prosecute,

---

[1] SPH Group was also a plaintiff in this matter but voluntarily dismissed its claims, ECF No. 7, to create complete diversity, ECF No. 6 at 2.

[2] As Defendant appears to be domiciled outside of the United States, Compl. at 2, under Federal Rule of Civil Procedure 4(d)(3) he had 90 days to respond to the complaint. The Court took this into consideration in setting the date to move for default. ECF No. 13.

noting Plaintiffs' ongoing lack of compliance with the Court's orders.  ECF No. 14.  On January 10, 2022, Plaintiffs filed a letter stating that they were in the process of serving Defendant and would move for default 21 days after service had been completed.  ECF No. 15.  The Court ordered that, by January 14, 2022, Plaintiffs must file proof of (1) the mailing of the waiver of service and (2) service of the complaint and summons.  ECF No. 16.  Further, the Court ordered Plaintiffs to move for default if Defendant had not appeared by February 7, 2022, 21 days after Plaintiffs' counsel represented service would be completed.  *Id.*  Plaintiffs failed to file proof of mailing of the waiver of service and proof of service of the complaint and summons by January 14, 2022, and the Court, *sua sponte*, afforded them a two-week extension.  ECF No. 17.  On February 10, 2022, when Plaintiffs again failed to comply with the Court's order, the Court issued, for the second time, an order directing Plaintiffs to show cause by February 18, 2022, why this action should not be dismissed for failure to prosecute, noting Plaintiffs' ongoing lack of compliance with the Court's orders.  ECF No. 18.  Plaintiffs have taken no action in this matter since January 10, 2022, over six months ago.

   Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order."  Fed. R. Civ. P. 41(b).  "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted).  Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff."  *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal. First, Plaintiffs have failed to prosecute this action, as evinced by their protracted failure to comply with court orders. *See supra* at 1–2. Plaintiffs have further failed to communicate with the Court for over six months. *Id*. The length of this delay is significant enough to weigh in favor of dismissal. *See Antonio v. Beckford*, No. 5 Civ. 2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006); *see also Greene v. City of New York*, 19 Civ. 873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 2836785 (June 1, 2020*)*. Second, the Court expressly warned Plaintiffs that failure to comply with its orders would result in dismissal for failure to prosecute. ECF Nos. 14, 18. Third, because Plaintiffs have not communicated with the Court for over six months and have not provided good cause for their absence, the Court may presume prejudice to Defendant resulting from the "unreasonable delay" in prosecution of this matter. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Fourth, as to docket management, "it is not an efficient use of the Court's . . .

3

resources to permit this case to languish on the docket in the hope that [Plaintiffs] will reappear in the future." *Ikpemgbe v. City of New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (citation omitted).  Finally, dismissal is appropriate where the Court "ha[s] no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo,* No. 13 Civ. 2477, 2015 WL 13745762, at *9–10 (S.D.N.Y. Sept. 22, 2015) (citation omitted).  Here, given that Plaintiffs have failed to communicate with this Court for over six months despite repeated warnings of the consequences, there is no reason to find that a lesser sanction would spur Plaintiffs to prosecute the case.

    Accordingly, Plaintiffs' complaint is DISMISSED without prejudice for failure to prosecute.  The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.

    SO ORDERED.

Dated: August 17, 2022
       New York, New York

                                                     ANALISA TORRES
                                           United States District Judge